**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2081-23

ZAKEE MARTIN,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

        Argued March 18, 2025 – Decided July 17, 2025

        Before Judges Bishop-Thompson and Augostini.

        On appeal from the New Jersey State Parole Board.

        Clayton D. Harvey argued the cause for appellant (Faegre Drinker Biddle & Reath LLP, attorneys; Clayton D. Harvey, on the briefs).

        Christopher C. Josephson, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, on the brief).

PER CURIAM

Appellant Zakee Martin appeals from the final agency decision by the New Jersey State Parole Board (Board) revoking his parole and establishing a twelve-month future eligibility term (FET). We have carefully reviewed the record in view of the governing legal principles for this appeal, including the deference owed to an administrative agency acting within the scope of its expertise. We affirm the Board's findings and its final order revoking parole and establishing a FET.

We derive the following facts from the record. On July 21, 2018, Martin was arrested and charged with two counts of third-degree burglary, N.J.S.A. 2C:18-2(a)(1); two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3(a); a disorderly persons offense of criminal trespass, N.J.S.A. 2C:18-3(a); and a disorderly persons of theft by unlawful taking, N.J.S.A. 2C:20-3(a). After Martin's release, he was arrested on August 5, 2019, and subsequently charged with third-degree burglary, two counts a disorderly persons offense of criminal trespass, and a disorderly persons offense of theft by unlawful taking.

On May 15, 2020, Martin pleaded guilty to two counts of burglary and the three disorderly persons offenses: two counts of criminal trespass and one count of unlawful taking. On June 5, 2020, Martin was sentenced to five years' probation to complete Recovery Court and concurrent to his disorderly persons

offenses.  Martin violated the terms of this probation and on June 20, 2020, and he was sentenced to a four-year prison term.

On December 27, 2022, Martin was subsequently administratively released on discretionary parole supervision through the Earn Your Way Out Act, N.J.S.A. 30:4-123.55(b) to (f).[1]  He agreed to abide by the general conditions of his release, which required that he (1) report in person as instructed by the District Parole Supervisor or designated representative, (2) reside overnight at a residence approved by the assigned parole officer, and (3) obtain permission of the assigned parole officer prior to any change of residence of twenty-four hours or more.  Martin also agreed to the special condition that he enroll in, comply with the conditions of, and successfully complete an out-patient alcohol counseling program as approved by the District Parole Supervisor.

---

[1] The statute permits eligible inmates to be released on administrative parole at the time of primary or subsequent parole eligibility provided that the inmate has not been convicted of or serving a sentence imposed for any exclusionary crimes in (1) N.J.S.A. 2C:7-2(b), Registration Law for Sex Offenders; (2) N.J.S.A. 2C:43-7.2, No Early Release Act; (3) N.J.S.A. 2C:43-6(c) or (g), Graves Act; and (4) N.J.S.A. 30:4-27.26, Sexually Violent Predator Act.  Eligibility is also determined by whether an inmate has not committed any serious disciplinary infraction within the previous two years from his or her parole eligibility date, and whether the inmate has completed relevant rehabilitation programs as determined by the Department of Corrections and the State Parole Board. N.J.S.A. 30:4-123.55d(a).

Pursuant to his special condition on parole, Martin enrolled in the Greater Essex Counseling Program (Greater Essex Program) for substance abuse. During his six-week enrollment, Martin successfully passed all administered drug tests and attended the Greater Essex Program. Martin also resided at an approved residence and was present at the residence when home visits were conducted by his parole officer.

Martin took daily medication to treat his schizophrenia and bipolar disorders until he ran out of his medication. In mid-February 2023, he contacted his peer counselor through the Rutgers University Supporting Path to Recovery Program to obtain a refill. Martin was instructed to request a refill at the pharmacy; however, the pharmacy did not have the medication. The prescription was not refilled, and Martin's whereabouts were unknown.

Thereafter, Parole Officer Peter Degnan was informed that Martin had not resided at the approved residence since February 12, 2023. Martin had not obtained approval to change his residence as required by his parole conditions. Further, on February 15, 2023, Martin failed to report in person to the parole office. The next day, Martin was unsuccessfully discharged from the Greater Essex Program for failing to complete the outpatient program. That same day, Martin was declared missing, and the Division of Parole issued an arrest warrant

 A-2081-23

for his parole violation. On February 27, 2023, Martin surrendered to the police after learning of the warrant. He was subsequently incarcerated and resumed taking his medication.

Martin elected to have a probable cause hearing, waiving his right to counsel. The hearing was conducted on March 28, 2023, via video teleconference. Degnan testified about Martin's acknowledgement of his parole conditions and detailed his instances of noncompliance.

Martin pleaded guilty to each of the violations, admitted to relapsing as an alcoholic, and requested placement in an in-patient program. After considering all evidence, the hearing officer sustained the violations based on Martin's admission of guilt and the evidence in the record. The hearing officer found Martin's numerous violations were "serious" and revocation was "desirable." The hearing officer further determined Martin was a "flight risk" and a "danger to the community" and was "not amenable to community supervision at [that] time."

A final revocation hearing was conducted on May 31, 2023. Martin was represented by counsel at the hearing. The testimony provided by both Degnan and Martin was consistent with that presented at the earlier hearing. Martin also testified that he had not committed any new offenses while on parole and never

had a positive drug test while attending the Greater Essex Program. Martin, however, further testified that the violations resulted from the failure to take his medication but affirmed that now that he has resumed taking it, he would be able to meet his parole conditions if released. He requested that his parole be continued under a program that would ensure compliance with his medication.

The hearing officer found, based on the record and by clear and convincing evidence, that Martin seriously violated the conditions of his parole. The hearing officer restated Martin was a flight risk and a danger to the community and was not amenable to community supervision at that time. The hearing officer recommended Martin's parole be revoked and a twelve-month parole eligibility term be imposed.

In the July 26, 2023 written decision, the two-member Board panel accepted the hearing officer's findings and determined that Martin's numerous violations were serious. The Board panel revoked Martin's parole supervision status and ordered him to serve a twelve-month FET. Martin administratively appealed the Board panel's determination.

On January 31, 2024, the full Board affirmed the two-member panel's decision, finding the two-member panel had considered all the relevant facts and their decision was fully supported by the record. The Board concurred with the

6

panel's decision that Martin "ha[d] seriously violated the conditions of his parole and revocation [was] desirable." This appeal followed.

On appeal, Martin contends that the Board failed to demonstrate that revocation of his parole was desirable. We reject Martin's argument that the Board's decision was arbitrary and unreasonable because it failed to demonstrate that revocation of the parole was warranted. We conclude that the Board correctly determined, by clear and convincing evidence, that Martin violated the conditions of his parole supervision, thus warranting revocation of parole and the imposition of a twelve-month FET.

Our review of a Parole "Board's decision is deferential in light of its expertise in the specialized area of parole supervision[.]" J.I. v. N.J. State Parole Bd., 228 N.J 204, 230 (2017). "Appellate review of parole determinations focuses upon whether the factual findings made by the [Parole] . . . Board could reasonably have been reached on sufficient credible evidence in the record." Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019) (internal quotation marks omitted). Board decisions are "accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Thus, "[w]e will reverse a decision of the Board only if the [appellant] shows that the decision was arbitrary or unreasonable, lacked credible support in the record, or violated legislative policies." K.G. v. N.J. State Parole Bd., 458 N.J. Super. 1, 30 (App. Div. 2019). Revocations of parole must be supported by clear and convincing evidence. N.J.A.C. 10A:71-7.12(c)(1); N.J.A.C. 10A:71-7.15(c). "Clear and convincing evidence" is that upon "which the trier of fact can rest a firm belief or conviction as to the truth of the allegations sought to be established." In re Registrant J.G., 169 N.J. 304, 330-31 (2001) (citations omitted).

Applying these well-established principles, we discern no basis to overturn the Board's final decision. The Board properly applied the standard in assessing Martin's numerous parole violations. By any measure, Martin's parole violations were serious. Martin admitted that he failed to abide by the general and specific parole conditions. Thus, we conclude the decision to revoke Martin's parole and impose the twelve-month FET was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division